IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATH VIBE LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>GEOMETRY INT AND GUANGZHOU PINLING NETWORK TECHNOLOGY CO., LTD.,<br><br>                        Defendants. | Case No.<br><br>JURY TRIAL DEMANDED |

**VERIFIED COMPLAINT**

Plaintiff Path Vibe LLC (referred to herein as "Plaintiff") hereby brings the present action against Defendants Geometry Int and Guangzhou Pinling Network Technology Co., Ltd., (hereinafter "Defendants"), as follows:

**I.      JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the alias, Geometry Int. See **Exhibit 1**. Specifically, Defendants have targeted sales to Illinois residents and, in fact, Plaintiff has purchased and received one of the Unauthorized Products in Illinois from Defendants' e-commerce store, as reflected in the attached order confirmation. See **Exhibit 2**. By setting up and operating

1

online storefronts that target United States consumers, offer shipping to the United States (including Illinois), accept payment in U.S. dollars, and actually consummate sales to Illinois residents, Defendants have purposefully directed their business activities to this forum. Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois. Accordingly, personal jurisdiction is proper based on these deliberate contacts and the actual transaction into Illinois.

## II. INTRODUCTION

3. On information and belief, Defendant Geometry Int (Seller ID A2M9ZZAZWYLBPZ) and Defendant Guangzhou Pinling Network Technology Co., Ltd. (hereinafter referred to as "Bambilo") have manufactured, imported, offered for sale, and sold exercise mats incorporating integrated audio interfaces that meet each and every limitation of Claim 1 of the '455 Patent, either literally or under the doctrine of equivalents. The accused product, identified on Amazon as ASIN B0B6FCYZ75, is marketed and sold under the "BAMBILO" brand but offered through the seller alias Geometry Int.

4. Defendants create e-commerce stores under a Seller Alias, Geometry Int, and then advertises, offers for sale, and/or sells Unauthorized Products to unknowing consumers. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity.

## III. THE PARTIES

5. Plaintiff, Path Vibe LLC, is a Delaware limited liability company registered to do business in the State of New York with its principal place of business at 400 Rella Blvd, #156, Montebello, NY 10901.

6. Plaintiff Path Vibe LLC owns U.S. Patent No. 8,506,455 ("the '455 Patent) by assignment and holds full and sole rights to enforce and exploit the patent. A true and correct copy of Plaintiff's Patent is attached hereto as **Exhibit 3**.

7. The '455 Patent was issued on August 13, 2013. *Id*.

8. The '455 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

9. Claim 1 of the '377 Patent reads

An exercise mat, comprising:

a flexible mat of a size suitable for use as an exercise mat;

at least one speaker integrated into said flexible mat;

an audio interface integrated into said flexible mat and configured to receive an audio signal from at least one audio source external to the exercise mat and to output an amplified audio signal to the at least one speaker, wherein said audio interface comprises a speakerphone circuit. *Id*.

10. Plaintiff's patented product, as claimed in the '455 Patent, relates to an exercise or activity mat incorporating an integrated audio interface, such as an electronic dance mat. The invention provides a convenient system that allows a user to perform exercises or related activities such as dance activities, while simultaneously enjoying or interacting with audio output. In particular, the mat includes built-in audio components—such as a speakerphone circuit, input/output jacks, or wireless connectivity—integrated directly into the mat structure, enabling hands-free operation and enhanced functionality during use.

11. Defendants are Chinese entities. Defendant's seller alias page, "Geometry Int," identifies the business name as Gaungzhou Jihe Guoji Maoyi Youxian Gongsi. See **Exhibit 1**. The seller alias is associated with Seller ID A2M9ZZAZWYLBPZ, and the ASIN of the Unauthorized Products is B0B6FCYZ75. The products are sold under the "BAMBILO" brand, which is a

registered trademark owned by Guangzhou Pinling Network Technology Co., Ltd**.,** located at: No. 110, Building 6, Tianjian Creative Park, No. 283, Tongsha Road, Baiyun District, Guangzhou, Guangdong 510000, CHINA.

12. At this stage, Plaintiff does not know whether Geometry Int a/k/a Guangzhou Jihe Guoji Maoyi Youxian Gongsi and Guangzhou Pinling Network Technology Co., Ltd. are affiliated or related entities. However, because the Unauthorized Products are sold by Geometry Int under the brand name "BAMBILO," Plaintiff names both Geometry Int and Bambilo (Guangzhou Pinling Network Technology Co., Ltd.) in this action as infringing parties. Plaintiff reserves the right to amend the Complaint as discovery clarifies the actual identity and relationship between these entities.

### IV. DEFENDANT'S UNLAWFUL CONDUCT

13. Defendant Geometry Int has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using Seller Alias, Geometry Int, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell and/or offer for sale Unauthorized Products to residents of Illinois.

14. Upon information and belief, Defendant Geometry Int is responsible for the sale and distribution of the infringing products through its online storefront, while Defendant Bambilo's brand name and associated trademarks are used in connection with those infringing sales. By operating in concert to offer and sell the same infringing goods, both Defendants have contributed to and benefitted from the unauthorized use of Plaintiff's patented technology. Accordingly, Defendants Geometry Int and Bambilo are jointly and severally liable for the acts of infringement alleged herein.

4

15. Plaintiff has not licensed or authorized Defendants use of Plaintiff's Patent, and none of the Defendants are authorized retailers of Plaintiff.

16. Defendants' unauthorized use and/or manufacturing of the invention claimed in Plaintiff's Patent in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights is irreparably harming Plaintiff.

## COUNT I
## PATENT INFRINGEMENT (15 U.S.C. § 271) – THE '377 PATENT

17. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

18. On information and belief, Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell infringing products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use the same product that infringes directly and/or indirectly the '455 Patent.

19. Upon information and belief, Defendants, including Geometry Int (Seller ID: A2M9ZZAZWYLBPZ) and Bambilo, are manufacturing, offering for sale, and selling exercise mats incorporating integrated audio functionality that meet each and every element of Claim 1 of the '455 Patent, either literally or under the doctrine of equivalents.

20. Specifically, the accused Bambilo Exercise Mat with Built-in Bluetooth Speakers (ASIN B0B6FCYZ75) meets the limitations of Claim 1 as follows:

5

a. "An exercise mat comprising a flexible mat body": The accused product includes a flexible mat designed for physical exercise or yoga-type activities. The body of the mat is made of pliable polymer material (e.g., EVA or PVC), capable of being rolled or folded for storage and use on the floor surface, thereby satisfying this limitation.

b. "An audio interface integrated into said mat": The accused product incorporates an audio interface integrated into the mat structure, including control buttons, indicator lights, and a Bluetooth connection module embedded into the body or attached housing of the mat. This interface allows the user to control playback and adjust volume directly from the mat.

c. "Said audio interface configured to communicate with an external audio source": The accused product provides Bluetooth connectivity that allows pairing with smartphones, tablets, or other external devices to stream audio content wirelessly. This satisfies the limitation of the interface being configured to communicate with an external audio source.

d. "Wherein said audio interface comprises a speakerphone circuit": The accused product includes an integrated speaker and microphone circuit enabling two-way communication, i.e., allowing the user to answer or reject calls while exercising. The Bluetooth module and speakerphone system together constitute the claimed speakerphone circuit.

e. "Wherein said audio interface and said mat body are configured to operate as an integrated system for use by a user during exercise or activity": The accused product's audio interface and flexible mat body function together as a single, integrated unit allowing the user to perform exercise routines while simultaneously

listening to music or managing calls. This satisfies the integrated operation requirement of the claim.

21. The accused products therefore meet each and every limitation of Claim 1 of the '455 Patent. The Defendants' unauthorized manufacture, use, sale, offer for sale, and/or importation of the accused products constitute direct infringement under 35 U.S.C. § 271(a).

22. Upon information and belief, Defendants' acts of infringement have been willful and deliberate, undertaken with knowledge of Plaintiff's patent rights, and with the intent to profit from Plaintiff's patented technology without authorization or license.

23. As a result of Defendants' infringement, Plaintiff has suffered and continues to suffer irreparable harm and monetary damages, for which Plaintiff is entitled to recover damages adequate to compensate for the infringement, together with enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285.

24. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are preliminarily and permanently enjoined by this Court from continuing their infringement of the '455 Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

25. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

## COUNT II
## UNFAIR COMPETITION (15 U.S.C. §1125(a))

26. Plaintiffs hereby re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

27. Despite Plaintiff having valid and enforceable patent, Defendants have developed, manufactured, imported, advertised, and/or sold Unauthorized Products that infringe upon

7

Plaintiff's Patent. *See* ¶ 20 above and **Exhibit 1** and **Exhibit 2** attached hereto. These acts of infringement have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

28. Upon information and belief, Defendant Geometry Int is directly responsible for the listing, marketing, and sale of the infringing products through its Amazon storefront, while Defendant Bambilo licenses or authorizes the use of its brand name in connection with those infringing sales. The two entities act in concert and share a common commercial purpose—to profit from the sale of infringing goods embodying the patented invention.

29. By allowing its brand name and trademark to be used as the face of the infringing listings, Defendant Bambilo misleads consumers into believing that the infringing products originate from, or are authorized by, a legitimate manufacturer, thereby concealing the true identity of the seller and shielding Geometry Int from enforcement scrutiny. Such conduct constitutes unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as unfair competition under Illinois common law.

30. Upon information and belief, Defendant Bambilo receives financial benefit or licensing revenue from the use of its brand name on the infringing listings and thereby profits from Geometry Int's infringing activities. By doing so, Bambilo aids, abets, and materially contributes to the infringement and engages in deceptive commercial conduct designed to exploit Plaintiff's patented technology while evading accountability.

31. Defendants Geometry Int and Bambilo have therefore jointly and severally engaged in patent infringement and unfair competition. Their coordinated actions have caused consumer confusion, diverted sales from Plaintiff, and unjustly enriched both Defendants through profits derived from the sale of infringing products.

32. Plaintiff has suffered and continues to suffer irreparable harm as a result of Defendants' unlawful acts and is entitled to injunctive relief, damages, disgorgement of profits, and enhanced damages for willful infringement and unfair competition.

33. Based on Plaintiff's investigation and experience with similar cases, defendants of this type are typically observed engaging in the following unlawful activities:

   a. Exploitation of Marketplace Accounts: Defendants systematically divert funds from marketplace accounts into personal or untraceable accounts, thereby unlawfully extracting financial resources from the marketplace.

   b. Unlawful Storefront Closure: Upon being detected or facing financial scrutiny, Defendants promptly close their storefronts to avoid further investigation or legal consequences.

   c. Reopening Under New Entities: after closing the storefronts, Defendants frequently reopen new business entities or storefronts under different names or under different ASINs, thereby circumventing legal and financial accountability and continuing their infringing activities.

34. Collectively, these actions constitute unfair competition as Defendants mislead consumers, undermine fair market practices, and harm both the integrity of the marketplace and legitimate competitors.

35. Defendants' acts, as described herein, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' sale and/or offer of sale of products which infringe Plaintiff's Patents, constitutes unfair competition.

36. Plaintiff has no adequate remedy at law and, if the Defendant's activities are not enjoined, Plaintiffs will continue to suffer irreparable harm and injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patent; and

   b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patent.

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, eBay, Temu, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe Plaintiff's Patent.

3) That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Patent.

4) That Judgment be entered against Defendants finding that infringement of Plaintiff's Patent has been willful.

5) That Plaintiff be awarded damages for such infringement in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs.

6) That Plaintiff be awarded treble damages under 35 U.S.C. § 284 for Defendant' willful infringement of Plaintiff's Patent.

7) A finding that this case is exceptional under 35 U.S.C. § 285.

8) A finding that Defendant engaged in unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

9) That Plaintiff be awarded its reasonable attorneys' fees and costs.

10) Award any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 6, 2025                              Respectfully submitted,


/s/ Nicholas S. Lee
Nicholas S. Lee, Esq.
332 S Michigan Ave
Suite 900
Chicago IL 60604
Nickles72@gmail.com
T: 773-732-8244

*Counsel for Plaintiff Path Vibe LLC*

## VERIFICATION

I, Sason Gabay, hereby certify as follows:

1. I am the Chief Executive Officer for Path Vibe LLC. As such, I am authorized to make this Verification on Path Vibe LLC's behalf.

2. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in __New York_____ on November __6__, 2025

*Sason Gabay*
Sason Gabay- Manager
On Behalf of
Path Vibe LLC